# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFINA VAZQUEZ RODRIGUEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-02455-KES-SAB-HC<br>FINDINGS AND RECOMMENDATION TO GRANT SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENT TO IMMEDIATELY RELEASE PETITIONER<br>(ECF No. 22) |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States on February 9, 2023 as a B-2 visitor. (ECF No. 22 at 3; ECF No. 22-1 at 22, 23.[1]) She later remained beyond the period of authorized stay. (ECF No. 22 at 4; ECF No. 22-1 at 23.) Petitioner subsequently married a U.S. citizen who on December 29, 2023, filed a Form I-130 on Petitioner's behalf. That same day, Petitioner filed a Form I-485 seeking adjustment of status. U.S. Citizenship and Immigration Services ("USCIS") accepted both filings and scheduled Petitioner for an interview concerning her pending applications. (ECF No. 22 at 4; ECF No. 22-1 at 16, 17, 19.) On September 16, 2025, Petitioner appeared for the interview at USCIS's Santa Ana office. (ECF No. 22 at 4, 5.)

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

According to the Form I-213, "the Los Angeles Foreign Fugitive Unit (FFU), working in conjunction with U.S. Citizenship and Immigration Services (USCIS), and the United States Marshals Service (USMS), went to" the location where Petitioner "was scheduled for an interview related to her applications filed with USCIS." (ECF No. 22-1 at 23.) After the conclusion of Petitioner's USCIS interview, "FFU officers entered the room and identified themselves as ICE officers[,]" "positively identified [Petitioner] and questioned her concerning her immigration status in the United States[,]" and "[a]fter establishing alienage, FFU officers arrested" Petitioner. (Id.)

Following her arrest, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear charging her as removable under Immigration and Nationality Act ("INA") section 237(a)(1)(B) based on her overstay. (ECF No. 13-1.) On September 29, 2025, November 6, 2025, and December 3, 2025, the immigration court conducted custody redetermination hearings, and on all three occasions, Petitioner's bond request was withdrawn without prejudice. (ECF No. 22 at 6–7.) The SAP alleges that the "I-213 describes Petitioner as wanted in Mexico in connection with alleged parental child abduction and identifies an asserted Mexican arrest warrant[,]" "DHS also submitted foreign-prosecutor and Interpol-related materials concerning the asserted Mexican warrant in connection with Petitioner's custody proceedings[,]" and the "Government's own filings thus placed the foreign-warrant and related materials at the center of its custody presentation." (Id. at 7.) The SAP further alleges that the "actual Orange County Superior Court record reflects a Hague Convention child-return case," in which the court "issued a protective-custody warrant for the child under California Family Code § 3134.5" and "ordered that the child be returned to Mexico in the custody of her father." (Id.) The SAP asserts that "[n]othing in the Orange County record reflects that the California court issued, served, validated, or enforced a Mexican criminal arrest warrant against Petitioner." (Id. at 7–8.)

Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture in removal proceedings. On April 10, 2026, an immigration judge ("IJ") denied those applications and ordered Petitioner removed to Mexico. (ECF No. 22-1 at

155–58.) On April 21, 2026, Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). That appeal remains pending. Petitioner's brief was received on July 28, 2026, and the DHS briefing period expired without a DHS brief. (ECF No. 22 at 6.)

On March 31, 2026, Petitioner filed a petition for writ of habeas. (ECF No. 1.) On April 2, 2026, the Court appointed counsel for Petitioner. (ECF No. 4.) On April 28, 2026, Petitioner filed a first amended petition ("FAP"), asserting that continued detention without any meaningful custody adjudication violates the Fifth Amendment. (ECF No. 9.) On May 5, 2026, Respondents filed a motion to dismiss. (ECF No. 13.) On August 5, 2026, the Court issued findings and recommendation to grant Respondent's motion to dismiss, dismiss the FAP without prejudice, and grant Petitioner leave to file a second amended petition ("SAP"). (ECF No. 17.) On August 11, 2026, Petitioner filed objections to the findings and recommendation and a motion for leave to file a SAP. (ECF Nos. 18, 19.) On September 11, 2026, the assigned district judge adopted the findings and recommendation, granted Respondent's motion to dismiss, dismissed the FAP without prejudice, and granted Petitioner leave to file a SAP. (ECF No. 21.)

On September 19, 2026, Petitioner filed a SAP. (ECF No. 22.) On October 3, 2026, Respondent filed a response, and Petitioner filed a reply on October 8, 2026. (ECF Nos. 24, 25.)

**II.**

**DISCUSSION**

In the SAP, Petitioner raises the following claims for relief: (1) Petitioner's arrest and resulting detention at her adjustment-of-status interview violates the INA, 8 U.S.C. § 1255; and (2) Petitioner's continued detention without any merits custody determination violates the Fifth Amendment as applied. (ECF No. 22 at 9–11.) Respondents' two-sentence response states: "Respondents acknowledge that 8 U.S.C. § 1226(a) governs Petitioner's detention. Petitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge." (ECF No. 24 at 1.)

This Court has previously adopted the reasoning of Franco v. Meyer, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025), and You v. Nielsen, 321 F. Supp. 3d 451, 464–66 (S.D.N.Y. 2018), found that a petitioner who was arrested at his adjustment of

status interview was likely to succeed on the merits of his claim that his detention violated 8 U.S.C. § 1255, and ordered the petitioner's immediate release. Ngugi v. Lyons, No. 1:25-CV-01783-KES-EPG (HC), 2026 WL 946905 (E.D. Cal. Apr. 8, 2026). The district court in You held in pertinent part:

> The Court rejects arrest and detention practices predicated on manipulating the laws that Congress has passed. Congress did not intend its carefully considered adjustment of status process for a select group of aliens to become a mechanism for "gotcha" law enforcement. Nor could it, without raising serious constitutional concerns. These type of bait-and-switch tactics are not only a perversion of the statute, but also likely offensive to "the concept of ordered liberty." *Rochin v. California*, 342 U.S. 165, 169, 72 S.Ct. 205, 96 L.Ed. 183 (1952) (internal quotation marks omitted).
>
> Because courts "must assume that when drafting the INA, Congress did not intend an absurd or manifestly unjust result," *Lockhart v. Napolitano*, 573 F.3d 251, 260 (6th Cir. 2009), the Court concludes that Congress could not have intended its silence on the interplay between adjustment and removal to permit ICE to exploit the former in service of the latter. Accordingly, Petitioner has demonstrated that his arrest at USCIS's offices and his detention pursuant to that arrest likely violated the INA.

You, 321 F. Supp. 3d at 466 (footnote omitted).

Respondents do not address whatsoever Petitioner's claim that her arrest at her adjustment-of-status interview violates the INA, 8 U.S.C. § 1255. As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from Ngugi, Franco, and You, the Court recommends finding that Petitioner is entitled to habeas relief on Claim One and immediate release.[2]

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The second amended petition for writ of habeas corpus (ECF No. 22) be GRANTED on Claim One; and
2. Respondents be directed to immediately release Petitioner;
3. Respondents be enjoined and restrained from using the adjustment of status process to re-detain Petitioner, including at or near any future interview related to Petitioner's

[2] In light of this conclusion, the Court declines to address Petitioner's due process claim.

application for adjustment of status.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 13, 2026**

STANLEY A. BOONE
United States Magistrate Judge